In re Petition for DISCIPLINARY ACTION AGAINST David Max VAN SICKLE, a Minnesota Attorney, Registration No. 292783.

No. A07–2418.

Supreme Court of Minnesota.

Jan. 17, 2008.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition alleging that respondent David Max Van Sickle committed professional misconduct warranting public discipline, namely, that respondent filed lawsuits on behalf of a client that, as found by the courts, lacked a good faith basis in law or fact, in violation of Rules 1.1, 3.1, and 8.4(d), Minnesota Rules of Professional Conduct (MRPC); failed to timely disburse to a client settlement funds that undisputedly belonged to the client, in vio-

lation of Rule 1.15(b), MRPC, as that rule read prior to October 1, 2005; commingled client and personal funds in his trust account, negligently misappropriated funds entrusted to him on behalf of a client, failed to keep required trust account books and records, repeatedly issued checks drawn on the trust account when there were insufficient funds in the account, improperly transferred funds from his trust account by electronic transfer and automated teller machines (ATMs), and improperly certified to this court that he maintained the required trust account books and records, in violation of Rules 1.15(a), (b), (c), and (h), as interpreted by Lawyers Professional Responsibility Board Opinion 9 and Appendix 1 to the MRPC, and Rule 8.4(c), MRPC; and, as evidenced by the order suspending his California license to practice law, charged and collected an unconscionable fee, entered into an improper business transaction, failed to provide written disclosure of a financial interest in the subject matter of the representation, and intentionally or recklessly failed to represent a client competently, in violation of Rules 1.1, 1.5, and 1.8(a), MRPC.

■ Respondent admits his conduct violated the Rules of Professional Conduct, waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director under which they jointly recommend that the appropriate discipline is a four-month suspension pursuant to Rule 15, RLPR; that the reinstatement hearing provided for in Rule 18, RLPR, not be waived; that respondent may petition for reinstatement at any time after 60 days from the effective date of his suspension; and that reinstatement be conditioned upon: (1) payment of costs in the amount of $900 pursuant to Rule 24(d), RLPR; (2) compliance with Rule 26,

RLPR; (3) pursuant to Rule 18(e), RLPR, providing proof of successful completion of the professional responsibility examination within one year prior to the petition for reinstatement; (4) satisfaction of continuing legal education requirements under Rule 18(e), RLPR; and (5) paying or entering into an agreement for a payment plan to pay the attorney fees assessed against him by the federal district court in the matter of *Willhite v. Collins*, No. 04–CV–4380, 385 F.Supp.2d 926 (D.Minn. 2005).

The court has independently reviewed the file and generally approves the jointly recommended disposition.

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent David Max Van Sickle is suspended from the practice of law for a minimum of four months, effective 14 days from the date of filing of this order. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR, and shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Respondent may petition for reinstatement after 60 days from the effective date of his suspension, provided that he files with the petition for reinstatement proof of: (1) successful completion of the professional responsibility portion of the state bar examination within one year prior to the date of the petition for reinstatement; (2) satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR; and (3) proof of payment of the attorney fees assessed against respondent by the federal district court in the matter of *Willhite v. Collins*, No. 04–CV–4380, 385 F.Supp.2d 926 (D.Minn.2005), or proof that respondent has entered into and is in compliance with a payment plan for payment of such attorney fees.

BY THE COURT:

/s/Alan C. Page
Associate Justice.